# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

LUZ A. STEINER,

    Petitioner,

v.

VERONICA WHITE,

    Respondent.

CV 2:19-009

FILED
Scott L. Poff, Clerk
United States District Court
By casbell at 4:04 pm, Apr 16, 2019

## ORDER

Before the Court is Respondent's Motion to Dismiss, dkt. no. 7. The Motion is unopposed and is ripe for review. For the reasons set forth below, the Motion is **GRANTED**.

Petitioner originally filed this action in the Magistrate Court of Long County Georgia. Dkt. No. 1 at 1. Respondent then removed this action to this Court. Petitioner seeks a good behavior warrant and bond[1] for a number of actions that Petitioner

---

[1] Georgia law permits "[a]ny judicial officer authorized to hold a court of inquiry may, upon the application of others under oath or upon his or her own motion, issue a notice to appear for a show cause hearing to any person whose conduct in the county is sufficient to justify the belief that the safety of any one or more persons in the county or the peace or property of the same is in danger of being injured or disturbed thereby. . . . Upon sufficient cause being shown, the court may require from the person a bond with sureties for such person's good behavior with reasonable conditions to ensure the safety of persons or property in the county or the preservation of the peace of the county for a period of up to six months." O.C.G.A. § 17-6-90(a). In Georgia,

swore Respondent has undertaken: battery, harassment, safety issues, retaliation, discrimination, and an unsafe workplace. Dkt. No. 1-1 at 3. According to Respondent's Motion to Dismiss, Respondent was Petitioner's supervisor at the Ludowici Post Office, where Petitioner was an employee. Dkt. No. 7 at 2-3.

Respondent seeks dismissal of the action on the bases of sovereign immunity, failure to exhaust, and failure to state a claim. Respondent's Motion frames this action as one being brought under Title VII of the Civil Rights Act of 1964 for employment discrimination or under the Federal Tort Claims Act ("FTCA"). All of Respondent's arguments for dismissal are tied to this framework. Petitioner, however, only seeks a good behavior warrant under Georgia law. Thus, Respondent's arguments regarding Title VII and the FTCA are inapposite.

Nevertheless, the Court lacks subject-matter jurisdiction over this action. While the good behavior warrant is couched against Respondent as an individual, it is clear that the warrant complains of behavior directly intertwined with Petitioner's job as a postal worker, and against Respondent as Postmaster for the post office where Petitioner works. See Dkt. No. 1-1 at 3 (complaining of "unsafe work," "safety issues," "retaliation," and

---

an application for a bond under this code section is known as a "good behavior warrant," which is what Petitioner filed in state court.

"discrimination"). Thus, the warrant, at least in part, is against Respondent in her official capacity as Postmaster for the Ludowici Post Office. As such, Respondent in her official capacity is entitled to the United States' sovereign immunity, and Petitioner has failed to show that such immunity does not apply in these circumstances. See F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Accordingly, the Court lacks subject-matter jurisdiction over the action because Respondent as an official of the United States Postal Service is immune from suit in these circumstances.

For these reasons, then, Respondent's Motion to Dismiss, dkt. no. 7, is **GRANTED**. This action is hereby **DISMISSED**. The Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED**, this 16th day of April, 2019.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA